Matter of Olga R. v Olga I.M. (2025 NY Slip Op 03392)

Matter of Olga R. v Olga I.M.

2025 NY Slip Op 03392

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

 Case No. 2024-07155|Docket No. V-12913/24|Appeal No. 4532|

[*1]In the Matter of Olga R., Petitioner-Appellant,
v
Olga I. M., Fernando M., et al., Respondents-Respondents.

Steven P. Forbes, Huntington, for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Hannah Kaplan of counsel), attorney for the child.

Appeal from order, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about November 8, 2024, which dismissed the petition, brought on behalf of petitioner's grandson L.M., seeking an order granting sibling visitation with the subject child, F.M., unanimously dismissed, without costs, as moot.
Petitioner's appeal is moot, as F.M. was adopted during the pendency of the appeal and the adoptive parent was not named as a party (see Matter of Mekhi L.W. [Keyara L.W.], 173 AD3d 629, 629 [1st Dept 2019]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). Nor had she brought a visitation proceeding on behalf of F.M.'s older half-sibling upon notice to the party with care, custody, and control of F.M., namely F.M.'s adoptive parent (see Domestic Relations Law § 71; Matter of Keenan R. v Julie L., 72 AD3d 542, 542 [1st Dept 2010]). Allowing the continued prosecution of this appeal from the order of dismissal would be improper, given that the biological parents' rights have been terminated and the individual who was F.M.'s foster parent when this proceeding was commenced is now F.M.'s legal parent. Because the biological parents no longer have care, custody, or control of F.M., a reversal of the order dismissing the visitation petition and a remittal to Family Court for a hearing on the merits would have no immediate or practical effect. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025